### Wilson L. Hoover *v.* The Carbon County Electric Railway Company, Appellant.

*Negligence—Street railway—Fellow-servant.*

In an action by a conductor against his employer, an electric railway company, to recover damages for personal injuries, a judgment on a verdict for plaintiff cannot be sustained where it appears that plaintiff had been injured in a collision between his own car and a car known as car No. 1; that just before the accident the superintendent of the company summoned in a general way the persons within hearing to aid in replacing a truck on the track of a turnout; that three employees of the company left car No. 1 which was standing on the turnout, and which in their absence moved off the turnout upon the main track and collided with plaintiff's car, and that the only inference as to the cause of the moving of car No. 1, was that the brake had not been properly adjusted by the motorman, who was a fellow-servant of the plaintiff.

Argued March 6, 1899. Appeal, No. 89, Jan. T., 1898, by defendant, from judgment of C. P. Carbon Co., June T., 1895, No. 33, on verdict for plaintiff. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass to recover damages for personal injuries. Before LYNCH, J., of the 11th judicial district, specially presiding.

The facts appear by the opinion of the Supreme Court.

The court refused to give binding instructions for defendant. [17]

Verdict and judgment for plaintiff for $6,500. Defendant appealed.

*Error assigned* among others was (17) in submitting the case to the jury.

*John G. Johnson*, with him *Frederick Bertolette* and *Chapman & Chapman*, for appellant.—In considering this case it will be borne in mind that the plaintiff was an employee of the defendant, and not a passenger. There is, therefore, no presumption of negligence raised by the happening of an accident: Railroad v. Hughes, 119 Pa. 313.

Barton does not come within the definition of a vice principal, as given in Prevost v. Ice Co., 185 Pa. 620, Mullan v. Steamship Co., 78 Pa. 32, and New York, etc., R. R. Co. v. Bell, 112 Pa. 400.

There was no evidence of negligence on the part of the alleged superintendent such as made the company responsible to one of its employees.

Conceding what is denied, that there was evidence of an order to the conductor and motorman to help remove the truck, there was no evidence that this order was improper, because the conductor and motorman might and should have so guarded their car, before leaving it, that it could not have been started.

*Horace Heydt*, with him *William G. Freyman* and *Eugene O. Nothstein*, for appellees.—Employers owe to their servants and workmen the exercise of reasonable care and proper diligence in providing them with safe machinery and suitable tools, and employing with them fit and competent superintendents and fellow-workmen: Ardesco Oil Co. v. Gilson, 63 Pa. 146.

We admit that Hoover assumed the risks of his employment, but he did not assume any extraordinary risks. He did not assume as a risk incident to his employment that the superintendent would call the motorman and conductor from their posts and leave the car standing on a steep grade with no one in charge, and that such car would run away and collide with the car on which he was employed and thus injure him. That was a risk and condition of affairs outside of the circle of his employ-

ment: Bradwell v. Pittsburg, etc., Ry. Co., 139 Pa. 404; Patterson v. Pittsburg, etc., R. R. Co., 76 Pa. 393; Tagg v. McGeorge, 155 Pa. 368.

Negligence is always a question for the jury where there is conflicting testimony, or if there is a reasonable doubt as to the facts, or as to the inferences to be drawn therefrom: D., L. & W. R. R. Co. v. Jones, 128 Pa. 308; Fisher v. Monongahela Ry. Co., 131 Pa. 292; Smith v. B. & O. R. R. Co., 158 Pa. 82; Howett v. P. W. & B. R. R. Co., 166 Pa. 607; Spear v. P. W. & B. R. R. Co., 119 Pa. 61; Kohler v. Penna. R. R. Co., 135 Pa. 346; Bunting v. Hogsett, 139 Pa. 363; Quigley v. Del. & Hud. Canal Co., 142 Pa. 388; Hall v. Ogden City St. Ry. Co., 44 Pac. Rep. 1046.

OPINION BY MR. JUSTICE FELL, April 24, 1899:

The plaintiff when injured was in the employ of the defendant as a conductor on a single track electric railway, and was in charge of car No. 4. Car No. 2, to which was attached a wrecking truck, and car No. 1, which followed it, were standing on a turnout while car No. 4 passed in the opposite direction on the main track. After car No. 4 had passed, and as car No. 2 was entering on the main track, the truck attached to the latter became derailed. The motorman and conductor of car No. 1 and a third man who was in the employ of the company defendant and was riding on the front platform for the purpose of instruction in the duties of a motorman, left the car and went to assist the men who were replacing the truck. While they were so engaged car No. 1 moved backward off the turnout and on to the main track where there was a descending grade, and overtook and collided with car No. 4, injuring the plaintiff.

The grade on the turnout was slight, and the car had been standing about five minutes before it began to move backward. What caused it to move does not appear clearly from the testimony. The brakes when applied to the wheels were held in place by a ratchet which fitted into the teeth of the wheel which was attached to the brake-rod. The ratchet was operated by the foot of the motorman, and when placed between the teeth of the wheel would be firmly held there by the strain on the brake-chain. The ratchet, the wheel, the brakes and all the appliances connected with them were new, suitable for the work

intended and in good condition. They had been inspected a few hours before the accident, and were found to be in good condition after it occurred. The only inference as to the cause of the movement of the car is that the ratchet had not been properly adjusted to the teeth of the wheel so as to secure the brakes. As a failure to do this was due to the neglect of a fellow-servant, it was not ground for a recovery against the defendant.

The plaintiff, however, sought to hold the company liable on the ground that the motorman and conductor had been called from their car by the superintendent of the road, Harvey Barton. Whether Mr. Barton was the superintendent of the road, and whether he had called these men to assist in replacing the truck, were the main questions of fact in dispute at the trial. It seems to have been assumed that if they left the car at the call of the superintendent the company was liable, and the jury was instructed that the proof of this fact would warrant a finding of negligence on its part.

The call alleged to have been made by Mr. Barton was not addressed to any particular person. If made, it was made when a number of persons, mostly employees of the road, were nearby, and it was in the most general terms — " give us a hand to put on the truck." No name was mentioned.

If the men who were in charge of the car understood the call as directed to them, they could not have understood it as an order for all of them to leave the car without properly adjusting the brakes. Mr. Barton had no reason to apprehend that they would do so. If he had directed them first to secure the car and then to come to his assistance, there would have been no negligence in giving such an order; and he might assume that they would act with ordinary prudence in a matter in which their duty was so manifest. In the causes which led to the accident, we can see no negligence except that of a fellow-servant, for which the defendant was not responsible. As this is conclusive of the plaintiff's right to recover, it is unnecessary to consider the other questions raised by the appeal. An entirely different question would have arisen if a passenger had been injured, or if the injury had been to someone not connected with the road as an employee.

The seventeenth assignment of error is sustained and the judgment is reversed.